MYERS, J., for the Court:
¶ 1. Terrance D. Phinisee was arrested with his counterpart, Ladel Dumas, and charged with one count of armed robbery and one count of aggravated assault of Terry Dobbins of Greenville, Mississippi. Phinisee was convicted by a jury of his peers in the Circuit Court of Washington County with the Honorable Margaret Carey-McCray presiding. He was sentenced on each count to ten years with five suspended and three years post-release probation. Each sentence was to run concurrently. Phinisee filed a motion for a judgment notwithstanding the verdict or in the alternative a new trial which was denied. In response to this denial, Phinisee has appealed his conviction. He states as his issues for appeal as follows.
I.WHETHER THE TRIAL COURT ERRED IN FAILING EITHER TO GRANT THE DEFENDANT A NEW TRIAL OR IN THE ALTERNATIVE A J.N.O.V. DUE TO THE PREJUDICIAL NATURE OF THE TESTIMONY OF TERRY DOBBINS, SAID TESTIMONY CONFLICTED WITH THE STATEMENT MADE BY DOBBINS TO THE POLICE THE DAY OF THE INCIDENT.
II. WHETHER THE TRIAL COURT ERRED IN GRANTING THE PROSECUTION’S -INSTRUCTION S-4.
III. WHETHER THE TRIAL COURT ERRED IN GRANTING THE PROSECUTION’S INSTRUCTION S-6.
IV. WHETHER THE VERDICT WAS SUFFICIENTLY SUPPORTED BY THE EVIDENCE.
¶ 2. Based on the record and case law, this Court can find neither support for, nor reason to, agree with any of Mr. Phinisee’s assertions. His conviction is affirmed.
FACTS
¶ 3. In November of 1998, Terry Dobbins was washing his wife’s car at a local car wash. He was approached by a young man asking for change for a one hundred dollar bill. Dobbins said that he did not have that kind of change and the young man walked away into an adjoining stall of the carwash. Moments later the young man approached Dobbins, this time asking if Dobbins wanted to buy some marijuana from him. Dobbins rejected the offer, and the young man went away. A few minutes later two young men approached Dobbins, one was armed with a gun. The man with the gun shouted at Dobbins to give up all of his money or he would be shot. Dobbins threw over his wallet. The gunman then made Dobbins empty his pockets as well. Dobbins noticed some other people milling about and Dumas and Phinisee left. Dobbins began to run toward a local busi *295 ness to get help when he noticed a car containing Dumas and Phinisee traveling down the road. He then went back to his wife’s car called the police and followed his assailants.
¶ 4. Dobbins chased them onto a gravel road where they stopped their car. Dobbins stopped a good distance behind them. The gunman got out of the car, fired four shots at Dobbins and got back into his car. They began moving again to the airport with Dobbins in pursuit. At the airport the assailant’s car stopped again with the passenger getting out and firing another three or four shots at Dobbins. The gunman got back into the car and headed off again with the sheriff arriving just as they were getting onto the road. Dobbins was instructed to go to the sheriffs department to wait while the chase was concluded with the sheriff in pursuit.
¶ 5. On the way to the sheriffs office Dobbins stopped to identify the assailants who had been stopped by the sheriff. Dobbins identified Phinisee as one of the men who had robbed him when Phinisee was brought in for booking. Phinisee was again identified by Dobbins at trial. A family living along one of the roads where the chase took place found Dobbins’s wallet and the items that were in it.
¶ 6. Phinisee’s story differed from Dobbins. He said that while he was at the car wash Dumas left the immediate area. Phinisee said he then saw Dumas robbing Dobbins when Phinisee was returning from the change machine. Phinisee then said he ran to his car and started it. As he did so, he saw Dobbins running for help, and Phinisee began to drive off. Dumas jumped in the car, put his gun in Phinisee’s side and told him to keep driving. He said he knew Dumas carried a gun but did not know that Dumas intended to rob Dobbins. Phinisee also testified to the car chase and that Dumas fired upon Dobbins twice during the chase.
¶ 7. Dumas, who pled guilty, says that it was Phinisee who had the gun. According to Dumas, Phinisee did all the talking, robbing and shooting while he was driving the car.
DISCUSSION
I. WHETHER THE TRIAL COURT ERRED IN FAILING EITHER TO GRANT THE DEFENDANT A NEW TRIAL OR IN THE ALTERNATIVE A J.N.O.V. DUE TO THE PREJUDICIAL NATURE OF THE TESTIMONY OF TERRY DOBBINS, SAID TESTIMONY CONFLICTED WITH THE STATEMENT MADE BY DOBBINS TO THE POLICE THE DAY OF THE INCIDENT.
IV. WHETHER THE VERDICT WAS SUFFICIENTLY SUPPORTED BY THE EVIDENCE.
¶ 8. In White v. State, 761 So.2d 221, 224 (Miss.Ct.App.2000), this Court reiterated the difference between a motion for a new trial and a JNOV by focusing on the decision in McClain v. State 625 So.2d 774 (Miss.1993). “The standard for reviewing denial of a new trial goes to the weight of the evidence and the standard for reviewing the denial of a JNOV is whether or not the evidence was sufficient to warrant such a verdict and whether fair minded jurors could have arrived at the same verdict.” White, 761 So.2d at 224( ¶10).
¶ 9. The standard of review for determining whether a jury verdict is against the overwhelming weight of the evidence is that the evidence supporting the verdict will be accepted as true unless it is found that the trial court abused its *296 discretion by failing to grant a new trial. Crawford v. State, 754 So.2d 1211, 1222(¶30) (Miss.2000), (citing Collier v. State, 711 So.2d 458, 461 (Miss.1998)). “Only when the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this court disturb it on appeal.” Herring v. State, 691 So.2d 948, 957 (Miss.1997)(citing Benson v. State, 551 So.2d 188, 193 (Miss.1989)). If a claim of unconscionable injustice is raised then, “[i]n reviewing this claim, this Court must accept as true the evidence favorable to the State.” Wetz v. State, 503 So.2d 803, 812 (Miss.1987). The jury weighs the credibility of each witness when considering conflicting testimony. Turner v. State, 726 So.2d 117, 125 (Miss.1998); see also Gandy v. State, 373 So.2d 1042, 1045 (Miss.1979)(holding that the question of witness credibility is one to be resolved by the jury).
¶ 10. There is nothing in the record to indicate that there has been an unconscionable injustice committed. Phinisee supplies this Court with absolutely nothing to support his claim that the verdict was insufficiently supported by the evidence. He purports that Mr. Dobbins embellished his story in the vengeful need to get back at Phinisee. Dobbins’s testimony, like that of Phinisee, was considered by the jury upon deliberation. Obviously the jury believed that Dobbins’s version of the event was more credible. In addition, Dobbins was available for cross-examination. It was at that point that Phinisee’s trial counsel attempted to, according to M.R.E. 613, impeach Dobbins regarding the alleged differences in his police statement and his trial testimony. Defense counsel was very thorough in his questioning and attempts at impeachment. We hold that there is no merit in either issue I or IV and the findings of the lower court are affirmed.
II. WHETHER THE TRIAL COURT ERRED IN GRANTING THE PROSECUTION’S INSTRUCTION S-4.
III. WHETHER THE TRIAL COURT ERRED IN GRANTING THE PROSECUTION’S INSTRUCTION S-6.
¶ 11. Phinisee complains that the State’s jury instructions numbered four and six should not have been submitted to the jury. He asserts that both of these instructions are prejudicial and confusing. He points to the use of the phrase “in concert” as the possible confusing language in either instruction. However, the phrase when viewed in context is quite clear and is stated as, “acting in concert with.”
¶ 12. The two jury instructions of which Phinisee complains read as follows:
S-4
The Court instructs the Jury that if you believe from the evidence in this case, beyond a reasonable doubt, that on the date testified about, the Defendant, TERRANCE PHINISEE, acting in concert with Ladel Dumas, did unlawfully, wilfully, and feloniously take, steal and carry away from the presence or from the person of Terry Dobbins, his wallet, the personal property of Terry Dobbins, by violence to his person or by putting him in fear of immediate injury to his person by the exhibition of a deadly weapon, to wit: a pistol, then it is your sworn duty to find the Defendant, TERRANCE PHINISEE, guilty as charged in Count One of the Indictment
S-6
The Court instructs the Jury that if you find from the evidence in this case, beyond a reasonable doubt, that the Defen *297 dant, TERRANCE PHINISEE, acting in concert with Ladel Dumas, on or about the date testified about, did unlawfully, wilfully, purposely, and felo-niously attempt to cause serious bodily injury to Terry Dobbins, with a deadly weapon, to wit: a pistol, by shooting at the said Terry Dobbins with a deadly weapon, to wit: a pistol, then it is your sworn duty to find the Defendant guilty as charged in Count Two of the Indictment.
¶ 13. According to the record, Instructions S-3 and S-7 given by the State define each crime using statutory language. The language of each statute is as follows:
Aggravated assault — A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm;....
Miss.Code Ann. § 97-3-7(2)
Robbery; use of a deadly weapon — Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery and,....
Miss.Code Ann. § 97-3-79
¶ 14. It is painfully obvious that the jury instructions follow the language of the statutes as well as the language in Instructions S-3 and S-7. Phinisee offers no support of his complaint with case law or conflicting language in a statute. The phrase “act in concert” is defined for the jury in Instruction S-2 and the very same phrase was used frequently throughout the trial by the State. Had there been any question as to the meaning of the phrase, the jury was free to ask it. Because of the lack of questions regarding the clarification of the phrase “act in concert” we can only surmise that there was no confusion or misunderstanding of the elementary English used in the instructions. As to issues II and III, we hold them to' be without merit and the lower court decisions regarding these issues are affirmed.
¶ 15. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT OF CONVICTION ON COUNT ONE FOR ARMED ROBBERY AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FIVE YEARS SUSPENDED AND POST RELEASE SUPERVISION FOR THREE YEARS UNDER THE SUPERVISION OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS; ON COUNT TWO FOR AGGRAVATED ASSAULT AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FIVE YEARS SUSPENDED TO RUN CONCURRENTLY WITH SENTENCE IN COUNT ONE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, LEE, IRVING and CHANDLER, JJ., concur.